# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2009

Charles R. Fulbruge III
Clerk

No. 09-50150
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GERARDO GONZALEZ-GUTIERREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:08-CR-209-1

Before KING, JOLLY, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Gerardo Gonzalez-Gutierrez (Gonzalez) pleaded guilty to one count of illegally reentering the United States after previously being deported. His total offense level included a 16-level increase for being deported after smuggling aliens into the United States, U.S.S.G. § 2L1.2(b)(1)(A)(vii). The district court sentenced him to a prison term of 37 months, at the bottom of the applicable guidelines range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gonzalez appeals his sentence. We presume that the within-guidelines sentence is reasonable. *United States v. Mondragon-Santiago,* 564 F.3d 357, 360 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009); *see also Rita v. United States*, 551 U.S. 338, 352-56 (2007). Furthermore, because Gonzalez did not object in the district court to the reasonableness of the sentence, our review is for plain error. *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

Gonzalez contends that his sentence is unreasonably high and overstates the seriousness of his conviction because the illegal-reentry Guideline that enhanced his offense level by 16 levels for his prior alien-smuggling conviction lacks an empirical basis and increased the guidelines sentence too much given that his prior conviction was for a non-violent offense. A sentence within the guidelines range calculated based on the illegal-reentry Guideline, § 2L1.2, though, is presumed reasonable on appeal. *See United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *Mondragon-Santiago*, 564 F.3d at 366-67. Furthermore, the district court disagreed with Gonzalez's characterization of his crimes, determining that the smuggling and illegal-reentry convictions were serious, and we defer to this conclusion because the district court is in the best position to assess the facts. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007); *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008).

Gonzalez also faults the within-guidelines sentence because, he contends, it fails to account for his motive for reentering the United States—to find work—and is greater than necessary to deter him from committing crimes in the future. The district court considered the contention that Gonzalez's economic motivations warranted a lower sentence, but rejected it. It also addressed the issue of deterrence and found that a within-guidelines sentence was necessary because the short sentence that he received for the smuggling conviction was insufficient to prevent him from committing the current illegal-reentry offense.

These findings were well within the court's discretion, and we will not displace them.  *See Campos-Maldonado*, 531 F.3d at 339.

The judgment is AFFIRMED.